UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x

THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, ET AL.,

Plaintiffs,

- against -                                    08 Civ. 11050 (RJH)

ABELCRAFT OF NEW YORK CORP.,

Defendant.
------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/10

## Memorandum Opinion and Order

Plaintiffs petition the Court pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm an arbitration award issued August 14, 2008.[1] The complaint was filed on December 19, 2008, and served upon defendant shortly thereafter. On March 13, 2008, a conference was held in this matter at which defendant Abelcraft of New York appeared *pro se* and at which the Court established the following schedule: (1) defendant was to retain counsel; (2) defendant was to file its opposition by April 23, 2009, and (3) plaintiff was to reply by May 15, 2009. To date, no counsel has appeared on defendant's behalf and the Court has received no opposition or other communication from defendant.

---

[1] Although the plaintiff styles his current request [6] as a motion for default judgment, default judgments in confirmation/vacatur proceedings are generally inappropriate. A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Rather, the Court treats plaintiff's motion as a petition for confirmation of an arbitration award and bases this decision not only on defendant's default but on the arbitral record before it.

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Under § 9 of the FAA, upon timely application by any party, a court *must* grant an order to confirm an arbitration award unless the award is vacated, modified, or corrected as prescribed in §§ 10 and 11 of the FAA. *See Marsillo v. Geniton*, No. 03 Civ. 2117 (TPG), 2004 WL 1207925, at *4 (S.D.N.Y. June 1, 2004). Plaintiffs' petition to confirm the arbitration award [1] is hereby GRANTED. Judgment is entered for the plaintiffs in the amount of Twenty Five Thousand Thirty Three & 33/100 dollars ($25,033.07) which is to be paid forthwith by Abelcraft of New York Corporation with interest accrued at the rate of 10% from the date of the original award.

SO ORDERED

Dated: New York, New York
January 12, 2010

Richard J. Holwell
United States District Judge

2